Filed 7/1/25  P. v. Turner CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083320 |
| v. | (Super.Ct.No. RIF90843) |
| CRAIG ALAN TURNER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.
Reversed with directions.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and
Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney
General, A. Natasha Cortina and Liz Olukoya (formerly Liz Sulaiman), Deputy Attorneys
General, for Plaintiff and Respondent.

In 2002, Craig Alan Turner was convicted by a jury of inflicting corporal injury on a spouse (Pen. Code, § 273.5, subd. (a); unlabeled statutory references are to this code), arson upon an inhabited dwelling (§ 451, subd. (b)), making criminal threats (§ 422), and possession of a firearm by a felon (former § 12021, subd. (a)(1); see § 29800, subd. (a)(1)). The jury found that Turner had personally used a firearm in the commission of the infliction of corporal injury count. (§ 12022.5, subd. (a).) In a bifurcated proceeding, the court found that Turner had previously been convicted of two serious felonies (§ 667, subd. (a)) and had served a prior prison term (§ 667.5, subd. (b)).

The trial court sentenced Turner to 45 years to life in state prison, consisting of 25 years to life for the corporal injury on a spouse count, a consecutive 10-year sentence for the firearm enhancement, and five years for each of the prior serious felony convictions. The court also imposed 25 years to life for the arson count, 25 years to life for the criminal threats count, and 25 years to life for the felon in possession of a firearm count, and the court ordered that those terms run concurrently. The court imposed but stayed the additional one year for the prior prison term enhancement.

In June 2022, the trial court received notice from the California Department of Corrections and Rehabilitation (CDCR) that Turner was serving a term for a judgment that included a prior prison term enhancement that is now invalid under section 1172.75. In December 2023, at a hearing that was conducted off the record but with counsel for both parties present, the court declined to resentence Turner, finding that he was not eligible for resentencing under section 1172.75.

On appeal, Turner argues that section 1172.75 applies to defendants who have prior prison term enhancements that were imposed but stayed. We agree. The California Supreme Court so held in *People v. Rhodius* (June 26, 2025, S283169) __ Cal.5th __.

## DISPOSITION

The trial court's order denying relief under section 1172.75 is reversed. The matter is remanded to the trial court with directions to recall Turner's sentence and resentence him under section 1172.75, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

3